PATIENCE CURRIER *vs.* JOSEPH GALE.

Declarations of an occupant of land, while in possession, that he was only a tenant of another, are competent evidence in favor of the latter against a third person, after the death of the occupant, but not before.

ACTION OF TORT for breaking and entering a close in Amesbury. Answer, soil and freehold in the defendant's wife. Trial and verdict for the plaintiff in the superior court in Essex at September term 1859, before *Morton*, J., who reported the case to this court, under *St.* 1859, *c.* 196, § 32. The facts are stated in the opinion.

*E. F. Stone*, for the defendant.

*S. B. Ives, Jr.* for the plaintiff.

DEWEY, J. It is conceded that Molly Barnard was the legal owner of the premises in 1799, and that the plaintiff as her sole heir at law holds her interest, unless it has been acquired by some third party, by conveyance or otherwise. Such transfer of title was attempted to be shown by a mortgage to David Currier, and a levy of execution in favor of Ebenezer Moseley against said Currier; but that title was found not valid by the jury, under proper instructions from the court, upon which no question is now open. This finding of the jury brings the case to the single question of the rejection of the evidence offered by the defendant to sustain a title acquired by adverse possession.

The title by adverse possession was alleged to have been acquired by Jacob R. Currier, who received a deed from Moseley, the judgment creditor of David Currier, on the 4th of April 1823, after his levy of execution. The defendant, who was introduced as a witness on the trial, after testifying that one Webster occupied the premises from about 1825 for a period of twelve or fifteen years, was asked "what Webster had said during the time of his occupation, in regard to his occupancy for the purpose of showing that he occupied as tenant to Jacob R. Currier, and adversely to the plaintiff." A similar inquiry

was proposed as to the declarations of one Bartlett, who subsequently occupied the premises, and for the like purpose. The court rejected the evidence.

The defendant insists that it was competent, under the general rule of admitting the declarations of a party in possession, adverse to his own interest. Such declarations have in various forms and under different circumstances been deemed admissible. The principle upon which they are held admissible is not very clearly settled. When the declaration has been accompanied with an act pointing out some monument or existing mark of boundary, it has been allowed. So also as evidence against the party making the declaration, and all persons in privity with him, or claiming under him, it is competent. But the adjudicated cases go somewhat further, and hold that his declaration in disparagement of his apparent title, as indicated by his possession, may be used as evidence that his occupation was an occupation under another person, and thus make his possession to avail in favor of the person stated by him to be his landlord. Thus in *Peaceable* v. *Watson*, 4 Taunt. 16, it was held, that the declarations of a deceased occupant of land, stating under whom he occupied as tenant, were admissible — Mansfield, C. J. saying: " Possession is *prima facie* evidence of seisin in fee simple ; the declaration of the possessor that he is tenant to another makes most strongly therefore against his own interest, and consequently is admissible." *Davies* v. *Pierce*, 2 T. R. 53, is an authority to the same point. The case of *Marcy* v. *Stone*, 8 Cush. 4, is directly to the same effect. If these declarations were offered as the declarations of deceased persons, while occupying the premises, they would have been therefore admissible.

On the other hand, if they were offered as the declarations of persons now alive, they ought to be rejected. In 1 Phil. Ev. (4th Amer. ed.) 304, it is said that the declaration of a living person, however much against his interest, cannot be received unless in case of a party to the suit, or a person identified in interest. In *Barrows* v. *White*, 4 B. & C. 328, Littledale, J. says, " It is a general rule that, when a person is living and can

be called as a witness, his declaration made at another time can-
not be received as evidence; thus the declarations of a tenant at
the time of his holding, or of a steward, cannot be admitted
unless they are dead." The case of *Spargo* v. *Brown*, 9 B. & C.
935, is to the same effect. In *Phillips* v. *Cole*, 10 Ad. & El. 106;
it was said : " The declarations of third persons alive, in the ab-
sence of any community of interest, are not to be received to
affect the title and interest of other persons merely because they
are against the interest of those who make them. The general
rule of law, that the living witness is to be examined on oath, is
not subject to any exception so wide."

In *Daggett* v. *Shaw*, 5 Met. 228, *Bartlett* v. *Emerson*, 7 Gray,
174 and *Ware* v. *Brookhouse*, 7 Gray, 456, the rule is assumed
to be that the admission of such declarations is confined to the
declarations of persons who were deceased at the time of the
trial.

As the rejection of the proposed evidence seems to have been
upon the general ground of the incompetency of all declara-
tions of tenants, and not restricted to the declarations of living
persons, the court are of opinion that the verdict must be set
aside and a new trial had, applying the rule of law as above
stated to the declarations of any tenant, that may be offered in
evidence.                                    *New trial ordered.*